# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| William L. Pearson, ) | |
| ) | Civil Action No.: 2:13-cv-01134-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for a review of the magistrate judge's Report and Recommendation ("Report"), [ ECF No. 24], filed on February 4, 2014, recommending that the Commissioner's Motion to Remand [ECF No. 17] should be granted and the case remanded under sentence six of 42 U.S.C. §§405(g) and 1381(c)(3), for a consideration of the propriety of reopening the plaintiff's prior disability and social security income claims and, to the extent reopened, a resolution of the same. The Report sets forth the relevant facts and legal standards which this court incorporates herein without a recitation.

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

In the absence of objections to the magistrate judge's Report and Recommendation, this

court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough and careful review of the record, the court finds the magistrate judge's Report provides an accurate summary of the facts and law in the instant case.  The court **ACCEPTS** the magistrate judge's Report and Recommendation. [ECF No. 24] and incorporates it herein by reference.  For the reasons set out in the Report, the Commissioner's motion is **GRANTED**. Furthermore, the case is **REMANDED** under sentence six of 42 U.S.C. §§405(g) and 1381(c)(3), for a consideration of the propriety of reopening the plaintiff's prior disability and social security income claims and, to the extent reopened, a resolution of the same.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 25, 2014
Greenville, South Carolina